**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-13337

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

HECTOR CASTRO,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:12-cr-80119-DMM-2

_____

Before BRANCH, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

Hector Castro, proceeding pro se, appeals the district court's order denying his motion for compassionate release under 18

U.S.C. § 3582(c)(1)(A).  The government moves for summary affirmance.  We grant the government's motion and affirm.

## I.

In 2013, Castro pleaded guilty to conspiracy to possess with intent to distribute five or more kilograms of cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846.  The Parties agreed that Castro's offense in fact involved more than 150 kilograms of cocaine.

### A.  First Motion for Compassionate Release

In 2022, Castro filed his first Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) due to his medical condition.  In that motion, Castro asserted that he suffered from "(1) high cholesterol, (2) a growth in his colon, possible cancer, tumor, (3) liver problems associated hepatitis A, and (4) hypertension."  Much of that motion also referenced the then-ongoing COVID-19 pandemic.  Castro argued that his conditions, in light of the ongoing pandemic, constituted a legally sufficient "extraordinary and compelling reason" for release and that the § 3553(a) factors favored his compassionate release.

The district court denied this motion and concluded that Castro's "medical conditions [were] manageable," even considering the COVID-19 pandemic.  The district court also determined that, regardless, "the nature of his crime and the limited portion of time he has served preclude[d] release under the § 3553 factors."  Castro appealed this prior order.

This Court summarily affirmed based on the district court's evaluation of the § 3553(a) factors without considering whether Castro's health conditions met the threshold of "extraordinary or compelling grounds" rendering him eligible for relief. *United States v. Castro*, No. 21-13653, 2023 WL 2531026, at *1 (11th Cir. Mar. 16, 2023). This Court observed that "we cannot say that the district court abused [its] discretion when it concluded that a reduction was not warranted under the § 3553(a) factors." *Id.* at *2. After all, "'[t]he weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court.'" *Id.* at *4 (quoting *United States v. Croteau*, 819 F.3d 1293, 1309 (11th Cir. 2016)).

### B. Second Motion for Compassionate Release

In 2025, Castro filed his second Motion for Compassionate Release, which is the subject of this appeal, seeking relief under 18 U.S.C. § 3582(c)(1)(A) based upon his medical condition. In this motion, Castro asserted that he has had a heart attack and had to have stents implanted to address blockages in his arteries. Castro argued that relief was appropriate under § 3553(a) because he "demonstrated remarkable rehabilitation" while in prison, having only "one minor [disciplinary] incident from many years ago and none recently," and having completed his Graduate Equivalency Degree and other programs "demonstrating commitment to self-improvement." He also observed that he "holds a zero-point recidivism score under the [Bureau of Prison's] risk assessment tool and is classified at a low-security custody level." Castro's motion did not address the nature of his offense, and the need for his sentence to reflect its seriousness, to promote respect for the law, and

to provide just punishment. *See* 18 U.S.C. § 3553(a)(1)–2(A). Castro also did not address the need for his sentence to generally deter others' criminal conduct. *See id.* § 3553(a)(2)(B).

In response, the government noted that "[i]n this case, Castro was determined to have been an armed 'organizer or leader' (PSI ¶32) of an extensive drug trafficking operation responsible for at least 150 kilograms of cocaine over a ten-year period in Palm Beach County, Florida, and elsewhere."

The district court denied Castro's July 2025 motion for compassionate release. The district court cited Castro's motion, the government's response and filed medical records, and Castro's reply before taking note of the government's concession that Castro exhausted his administrative remedies. The district court found that Castro "has experienced a serious medical condition," but that the Bureau of Prisons ("BOP") adequately provided Castro with surgery and met his medical needs. The district court also found that Castro, who was 56 years old, did not have a medical circumstance warranting release. It noted that it "s[aw] no reason to revisit [its] earlier determinations upheld on appeal that the § 3553 factors do not favor a sentence reduction," citing to its orders denying Castro's August 2021 motion for a sentence reduction, Castro's April 2022 compassionate release motion, and this Court's grant of the government's motion for summary affirmance of the district court's denial of Castro's April 2022 compassionate release motion. Castro timely appealed.

## II.

"We review *de novo* whether a defendant is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)." *United States v. Giron*, 15 F.4th 1343, 1345 (11th Cir. 2021). "After eligibility is established, we review a district court's denial of a prisoner's § 3582(c)(1)(A) motion for abuse of discretion." *Id.* "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making its determination, or makes clearly erroneous factual findings." *Id.*

Summary disposition is appropriate where time is of the essence, including "situations where important public policy issues are involved or those where rights delayed are rights denied," where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where . . . the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[1]

## III.

A district court has no inherent authority to modify a defendant's sentence and may do so "only when authorized by a statute or rule." *United States v. Puentes*, 803 F.3d 597, 605–06 (11th Cir. 2015). The First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018), expressly permits district courts to reduce a previously

---

[1] *Groendyke Transportation* is binding precedent in the Eleventh Circuit under *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

imposed term of imprisonment.  *United States v. Stevens*, 997 F.3d 1307, 1314 (11th Cir. 2021).

The First Step Act, in part, provides that a "court may not modify a term of imprisonment once it has been imposed" except under certain circumstances.  18 U.S.C. § 3582(c).  In the context of compassionate release, the statute provides that:

> [T]he court, upon . . . motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if it finds that—extraordinary and compelling reasons warrant such a reduction[.]

*Id.* § 3582(c)(1)(A)(i).

The exhaustion requirement is not jurisdictional, but it is a claim-processing rule.  *Harris*, 989 F.3d at 910–11.  The exhaustion requirement is mandatory in the sense that a court must enforce the rule if a party properly raises it.  *Id.* at 911.  If a party does not raise an objection based on a mandatory claims processing rule, that claim may be forfeited.  *See id.*

Section 3582(c)(1)(A) also requires that any reduction be consistent with applicable policy statements issued by the Sentencing Commission.  Section 1B1.13 of the Sentencing Guidelines

provides the applicable policy statement for §
3582(c)(1)(A).  U.S.S.G. § 1B1.13.  Section 1B1.13 lists categories of
extraordinary and compelling reasons:  (1) the defendant's medical
condition, (2) his age, (3) his family circumstances, (4) he is a victim
of abuse by a correctional officer during his incarceration, (5)
"other reasons," and (6) his sentence is unusually long in light of a
change in law and he has already served at least ten years of his
sentence.  *Id.* § 1B1.13(b)(1)–(6).

Section 1B1.13(b)(1) explains the medical circumstances that
can constitute extraordinary and compelling reasons.  *Id.* §
1B1.13(b)(1).  These include: the (A) defendant has a terminal ill-
ness; (B) defendant's ability to care for himself while incarcerated
has been substantially diminished due to an unrecoverable physi-
cal, medical, cognitive, or age related condition, (C) defendant has
"a medical condition that requires long-term or specialized medical
care that is not being provided and without which the defendant is
at risk of serious deterioration in health or death"; and (D) defend-
ant is at a correctional facility that is being impacted by an infec-
tious disease or other ongoing public health emergency, he is at
great risk of medical complications due to this exposure, and "such
risk cannot be adequately mitigated in a timely manner."  *Id.* §
1B1.13(b)(1)(A)–(D).

The § 3553(a) factors include, among other things, the na-
ture and circumstances of the defendant's offense, his history and
characteristics, and the need to protect the public from further
crimes of the defendant.  It is the defendant's burden to show that

his circumstances warrant a reduction.  18 U.S.C. § 3582(c)(1)(A)(i). The weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court.  *Croteau*, 819 F.3d at 1309. Generally, when a district court considers the § 3553(a) factors, it need not state on the record that it has explicitly considered each of them or discuss each of them.  *See United States v. Kuhlman*, 711 F.3d 1321, 1326 (11th Cir. 2013).

The district court need not conduct the compassionate release analysis in any particular order.  *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021).  A district court may reduce a term of imprisonment if the § 3553(a) factors favor doing so, there are extraordinary and compelling reasons for doing so, and the reduction would not endanger any person or the community.  *Id.*  All of these necessary conditions must be satisfied before the court can grant a reduction.  *Id.*  Therefore, the absence of even one condition will foreclose a sentence reduction.  *Id.* at 1238.

Here, summary affirmance is appropriate.  *See Groendyke Transp., Inc.*, 406 F.2d at 1162.  The district court denied Castro's motion for compassionate release based on two reasons, either of which is a sufficient basis for this Court to affirm.  First, Castro failed to demonstrate an extraordinary and compelling reason for release, as that term is defined in U.S.S.G. § 1B1.13's policy statement, so as to render him eligible for a sentencing reduction under 18 U.S.C. § 3582(c).  Second, the district court determined that 18 U.S.C. § 3553(a)'s sentencing factors weighed against granting the motion.

Turning to the first reason, Castro did not identify an extraordinary and compelling reason for releasing him. The district court's review of Castro's medical records led it to conclude that the BOP had Castro's heart condition under control, such that the condition could not form a valid basis for compassionate release. Under the governing policy statement, the only medical conditions that rise to a level sufficient to establish an extraordinary and compelling reason are (1) if the medical condition is terminal; (2) if the medical condition substantially diminishes a prisoner's ability to provide self-care while in prison and the prisoner is never expected to recover from that condition; or (3) if the medical condition requires long-term or specialized medical care that is not being provided and without which the prisoner is at serious risk of serious deterioration in health or death. *See* U.S.S.G. § 1B1.13(b)(1). Castro's condition, which the district court determined to be adequately addressed by the BOP, thus, does not qualify under any of these alternatives.

Turning to the second reason, even if Castro were eligible for relief, the district court did not abuse its discretion in weighing the § 3553(a) factors against any sentence reduction. The district court observed in its order that it had previously determined that the § 3553 factors disfavored a reduction in Castro's sentence, and that this decision had been upheld on appeal. Review of these prior orders shows that the district court considered the nature of Castro's crime, its seriousness, the need to protect the public, and the limited time that Castro has served on his sentence thus far. The

district court thus did not abuse its discretion in deciding on these same grounds in the order presently under appeal.

The district court did not simply "recycle" its § 3553(a) analysis from its order denying Castro's prior motion for compassionate release, as Castro contends. Rather, the district court noted Castro's current motion (which discussed both Castro's heart failure and his rehabilitation efforts) and the government's response. The district court concluded that, nevertheless, it "s[aw] no reason to revisit [its] earlier determinations upheld on appeal that the § 3553 factors do not favor a sentence reduction. *See* (Doc. 362, 388, 406)." The analysis contained in these prior orders emphasized the nature of Castro's crime, its seriousness, the need to protect the public, and the limited time that Castro has served on his sentence thus far. A district court has broad discretion to weigh some § 3553(a) factors more heavily than others. *Tinker*, 14 F.4th at 1241; *Croteau*, 819 F.3d at 1309. The district court concluded that events between Castro's last motion for compassionate release and the second motion did not warrant revisiting its § 3553(a) factor analysis. But it did not, as Castro suggests, simply ignore these events and "recycle" its prior findings.

Castro argues, however, that if the district court had evaluated the § 3553(a) factors afresh, it would have been moved by Castro's significant additional rehabilitation. But again the record does not support Castro's assertion. Castro simply has not shown that he engaged in significant additional rehabilitation between his 2022

25-13337                Opinion of the Court                11

Motion for Compassionate Release and the second motion filed in 2025.

Because the government's position is "clearly right as a matter of law," the government's motion for summary affirmance is GRANTED.  *See Groendyke Transp., Inc.*, 406 F.2d at 1162.

**AFFIRMED.**